# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |
|---|---|
| EDWARD HOOD, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:17-cv-01150-STA-egb |
| TAMMY FORD, | ) |
| Respondent. | ) |

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS, STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE

On November 13, 2017, Petitioner, Edward Hood, Jr., filed an amended *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 ("Amended Petition"). (ECF No. 7.) Respondent, Tammy Ford, moved to dismiss the Amended Petition without prejudice on the ground that Petitioner is currently exhausting one of his two federal habeas claims in state court. (ECF No. 11.) Petitioner has not responded to the motion, although allowed to do so. (*See* ECF No. 8 at 2.)

The Amended Petition raises two claims for relief: (1) that newly discovered evidence establishes Hood's innocence; and (2) that Hood received the ineffective assistance of counsel. (ECF No. 7 at 5-6.) The first claim is identical to the claim raised in Petitioner's state *coram nobis* proceeding, which is currently pending before the Tennessee Court of Criminal appeals. (*See* ECF No. 11-2.) Respondent suggests, and Petitioner does not deny, that the second claim has been exhausted. (*See* 11-1 at 2.) In the motion now before the Court, Respondent argues that the Amended Petition should be dismissed without prejudice while Petitioner exhausts his

first claim. (ECF No. 1-1 at 3-4.) She also argues that moving forward with either federal habeas claim is not practicable because she cannot "withdraw" and file with this Court "the complete state record at this time" given the pending *coram nobis* proceeding. (*Id.* at 4.)

A federal court cannot decide a § 2254 petition until all claims have been exhausted. In *Rose v. Lundy*, the Supreme Court held that a district court must dismiss a "mixed" § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. 509, 510 (1982). Subsequently, in *Rhines v. Weber*, the Supreme Court held that a district court has discretion to stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims. 544 U.S. 269, 276-77 (2005).

In this case, Petitioner is attempting to fully exhaust state court remedies on his actual innocence claim before the Court rules on his federal habeas claims. Although Respondent seeks dismissal of the "mixed" Amended Petition in light of that circumstance, it is not clear from either the Amended Petition or Respondent's memorandum whether dismissal would prejudice Petitioner's ability to timely refile his claims in federal court. *See generally Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (recognizing that dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition). The motion to dismiss is therefore **DENIED.**

Nevertheless, the Court finds that a stay is warranted. Judicial economy would not be served by proceeding on Petitioner's ineffective assistance claim while his actual innocence claim is pending before the state appellate court. Moreover, as Respondent points out, she cannot withdraw the state court record during the pendency of the *coram nobis* appeal.

Accordingly, the proceedings on the Amended Petition are **STAYED** pending the outcome of Petitioner's *coram nobis* proceeding. Petitioner shall notify the Court of the exhaustion of his *coram nobis* claim in the state courts within thirty (30) days of that event

The Clerk is **DIRECTED** to administratively **CLOSE** the case.

**IT IS SO ORDERED**.

      **s/ S. Thomas Anderson**
      S. THOMAS ANDERSON
      CHIEF UNITED STATES DISTRICT JUDGE

      Date: January 17, 2018