IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| EDWARD HOOD, JR., | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 1:17-cv-01150-STA-jay |
| GRADY PERRY, | ) ) | |
| Respondent. | ) ) ) | |

ORDER DIRECTING CLERK TO MODIFY DOCKET AND TERMINATE MOTION,
GRANTING MOTION TO STAY PROCEEDINGS,
AND
ADMINISTRATIVELY CLOSING CASE

Before the Court is Petitioner Edward Hood, Jr.'s motion to stay the proceedings in this case pending the resolution of his state court motion to correct the record. (ECF No. 20.) For the following reasons, the motion is **GRANTED**.[1]

In 2009, Hood was convicted following a jury trial of rape of a child and incest involving one of his daughters. *State v. Hood*, No. W2009-02501-CCA-R3-CD, 2010 WL 5054422, at *1 (Tenn. Crim. App. Dec. 6, 2010), *perm. appeal denied* (Tenn. Apr. 14, 2011). He filed his 28 U.S.C. § 2254 petition (the "Petition") in August 2017, asserting the ineffective assistance of counsel and his actual innocence. (ECF No. 1 at 5-6.) The Court ordered him to file an amended petition on the Court's form (ECF No. 6), which he did (the "First Amended Petition") (ECF No.

---

[1] The Clerk is **DIRECTED** to modify Petitioner's address to reflect that he is now incarcerated at the South Central Correctional Facility in Clifton, Tennessee, and to substitute Grady Perry for Tammy Ford as Respondent. *See* Fed. R. Civ. P. 25(d).

7).  On January 17, 2018, the Court denied the motion of Respondent, Grady Perry, to dismiss the First Amended Petition without prejudice for Petitioner's failure to exhaust his claims. (ECF No. 12.)  The Court found that the ineffective assistance claim had been exhausted, but that considerations of comity and judicial economy warranted a stay pending the resolution of the actual innocence claim in Petitioner's then-pending state *coram nobis* proceeding. (*Id.* at 2-3.) The case was, therefore, stayed and administratively closed. (*Id.* at 3.)

On August 16, 2018, Petitioner filed a third petition (the "Second Amended Petition"), in which he reasserts his two claims, and also alleges that the state appellate court, in his *coram nobis* proceeding, "erred when it denied [his] newly discovered evidence." (ECF No. 13 at 9.)  Because the Second Amended Petition indicated that the *coram nobis* proceeding had concluded, the Court lifted the stay and ordered Respondent to file the state court record and respond to the Second Amended Petition. (ECF No. 14.)  Respondent thereafter filed the state court record (ECF No. 18), and a motion to dismiss the Second Amended Petition (ECF No. 19).  He argues that the original Petition was not timely filed and that Petitioner has not established entitlement to equitable tolling of the limitations period, or a gateway claim of actual innocence to overcome the limitations bar. (*Id.* at 1; ECF No. 19-1 at 2-8.)  Petitioner did not respond to the motion, although allowed to do so. (*See* ECF No. 8 at 2.)  He did, however, file a motion to stay the case pending resolution of his state court motion to correct the record. (ECF No. 20.)  Respondent has not opposed the request for a stay.

2

Petitioner admits that his claims are untimely, but he asserts a gateway claim of actual innocence in an attempt to overcome the limitations bar.[2] (ECF No. 7 at 13.) *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (a credible showing of actual innocence will allow a petitioner to "overcome" the statute of limitations, rather than provide him an excuse for the late filing). In support, he has submitted signed letters from one of his daughters and his niece stating that the victim confessed on several occasions that she lied about his conduct. (ECF No. 15-1.) The daughter's letter references one occasion after the trial, "[o]nce when DCS set up a visit at the park," and once when "[t]he consalor [sic] at Quinco brought her to our house." (*Id.* at 1.) Petitioner now seeks a stay of proceedings pending the resolution of a motion he has filed in state court to correct the record in this case. He avers in a sworn affidavit that, upon receipt of the state court record from Respondent, he discovered what he believes are omissions in the trial transcript. (ECF No. 20-1.) Specifically, he maintains that the transcript does not contain the "vital" testimony (ECF No. 20 at 2) of three witnesses: an employee of the "Department of Children[S]ervices," a "Carl Perkins Center Employee," and a "Quinco Professional Counseling Services Employee," all of whom, he asserts, testified at his trial. (ECF No. 20-1 at 1.)

A court reviewing a gateway claim of actual innocence must "survey 'all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.'" *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605 613 (6th Cir. 2013) (quoting *House v. Bell,* 547 U.S. 518, 538 (2006)

---

[2] The Second Amended Petition does not assert equitable tolling. Respondent has, nevertheless, addressed equitable tolling in his motion to dismiss (*see* ECF No. 19-1 at 4-8) because the First Amended Petition did raise the issue (*see* ECF No. 7 at 13). The Court concurs that the Second Amended Petition should be liberally construed as asserting equitable tolling.

(internal quotation marks omitted)).  Because Petitioner has asserted that portions of the trial transcript were not included in the state record filed by Respondent, and because he now has a proceeding in state court seeking to correct the record, a stay of the present case is warranted.

Accordingly, the motion to stay is **GRANTED**, and the proceedings in this case are **STAYED** pending the outcome of Petitioner's state court proceeding to correct the record. Petitioner shall notify the Court of the resolution of the state court proceeding within thirty (30) days of that event.

The Clerk is **DIRECTED** to terminate the motion to dismiss at ECF No. 19.  Respondent may refile the motion, and any additional state court records, at the time the case is reopened.  The Clerk is **FURTHER DIRECTED** to administratively **CLOSE** the case.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 5, 2019