IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| EDWARD HOOD, JR., | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 1:17-cv-01150-STA-jay |
| GRADY PERRY, | ) | |
| Respondent. | ) | |

ORDER CONSTRUING PETITIONER'S RESPONSE
AS A MOTION FOR RECONSIDERATION
AND
DENYING MOTION

Before the Court is a post-judgment document filed by Petitioner Edward Hood, Jr., styled "Petitioner's Response To Show Cause Why This Action Should Not Be Dismissed." (ECF No. 35.) The Court construes the submission as a motion under Fed. R. Civ. P. 59(e) for reconsideration of the Court's order denying the Second Amended Petition and its entry of judgment for Respondent Grady Perry. For the following reasons, the motion is **DENIED**.

As discussed in the Court's February 8, 2021, order, Petitioner sought habeas corpus relief under 28 U.S.C. § 2254 on the grounds that the Tennessee Court of Criminal Appeals violated his right to due process by denying his request for an evidentiary hearing on his claim of actual innocence (Claim 1), and by denying the claim (Claim 2). This Court found, sua sponte, that the claims were non-cognizable and without merit. (ECF No. 32 at 11-13.) In the interest of providing Petitioner notice and an opportunity to be heard, the Court directed him to show cause, no later than March 1, 2021, why his claims should not be dismissed on those grounds. By

March 4, 2021, the Clerk had not received Hood's response. The Court therefore denied the Second Amended Petition (ECF No. 33) and entered judgment for Respondent (ECF No. 34). On March 6, 2021, Petitioner placed his response to the show-cause order in the prison mail system. (*See* ECF No. 35 at 4.) The document was received and docketed by the Clerk on March 10, 2021, six days after entry of judgment. In the submission, Petitioner asserts that his claims should not be dismissed because defense counsel was ineffective for failing to "challeng[e] conflicting statements made by the victim, and for not calling on a handwriting expert to verify that it was the defendant's signature on both the confession letter and the Miranda waiver[.]" (*Id.* at 2.)

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). "[A] prisoner may invoke . . . [R]ule [59(e)] only to request 'reconsideration of matters properly encompassed' in the challenged judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020) (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982)).

Hood's document was filed within twenty-eight days after entry of the order denying the Second Amended Petition and within twenty-eight days after entry of judgment. Liberally construed, it asserts that reconsideration of the order and the judgment is necessary to prevent a manifest injustice. The motion is deficient, however, because it does not address the Court's

determination that Petitioner's claims are non-cognizable and without merit. Instead, as discussed, it presents a new claim that counsel rendered ineffective assistance. The motion, thus, does not seek reconsideration of "matters . . . encompassed," *Banister*, 140 S. Ct. at 1708, by the order and the judgment. For this reason, the motion is without merit and is **DENIED**.

    **IT IS SO ORDERED**.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

                                                Date: April 7, 2021